IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALBERT GARCIA,

    Plaintiff,

v.                                                       CIV No. 14-969 MV/GBW

JOHNA GONZALES and LAWRENCE SILVA,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court upon a review of the record. On November 4, 2014, the Court entered an order requiring Plaintiff to cure defects in his complaint. *Doc. 4*. Also on November 4, 2014, Plaintiff filed a letter that had been sent from the Taos County Detention Center. *Doc. 5*. That letter did not contain a new address where Plaintiff could be reached. On November 11, 2014, mail sent to Plaintiff at the Taos County Detention Center was returned as undeliverable. *Doc. 6*. Plaintiff has not provided the Court with any other mailing address.

Plaintiff has a "continuing duty to notify the Clerk, in writing, of any change in their mailing address," and Plaintiff's apparent failure to update his change of address will make proceeding in his case impossible. D.N.M.LR-Civ. 83.6. The Court may impose sanctions for Plaintiff's failure based on the local rules and the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Int'l*

*Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

Based on Plaintiff's failure to notify the Court of his change of address, he will be required to show cause why this case should not be dismissed.

Wherefore, **IT IS HEREBY ORDERED** that, no later than **fourteen days** from the date of this order, Plaintiff shall file with the Court notice of his current address.  Failure to respond to this Order shall constitute an independent basis for dismissal.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE