## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DALBERT GARCIA,

     Plaintiff,

     v.                                     No. 1:14-CV-00969-MV-GBW

JOHNA GONZALES, *Warden, Taos County Adult Detention Center*, and
LAWRENCE SILVA,

     Defendants.

### MEMORANDUM OPINION AND ORDER

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For the reasons set out below, certain of Plaintiff's claims will be dismissed.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint alleges that Plaintiff was "strip searched multiple times by multiple people" at the Taos County Adult Detention Center, held in a detox room for four months, mistreated mentally and physically, and denied lawyer phone calls.  [Doc. 1]   Plaintiff also alleges that, when he was transported to the Rio Arriba County Detention Center, Sergeant Ronnie Cordova told him to get on his knees and to do a sexual act, but was interrupted by another guard. [Docs. 1, 5]   In letters to the Court, which the Court construes as amendments to the complaint, Plaintiff alleges that he is being held in segregation and written up "for the stupidest reasons" in retaliation for filing his civil rights complaint.   [Doc. 26, 28]   Plaintiff's complaint does not identify the relief sought.

Plaintiff's complaint names Johna Gonzales, Warden of the Taos County Adult Detention Center, as a defendant.   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*; *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) ("Section 1983 does not authorize liability under a theory of respondeat superior." (quoting *Brown* v. *Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)).   Rather, the plaintiff must demonstrate an "affirmative link" between the unconstitutional acts of the workers and the supervisor's "adoption of any plan or policy ...—express or otherwise—showing their authorization or approval of such misconduct."  *Dodds v. Richardson*, 614 F.3d 1185, 1200-01 (10th Cir. 2010); *see also id.* at 1196 (explaining that the "affirmative link" requirement has three

2

related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind).   Plaintiff's complaint does not allege that Defendant Gonzales was personally involved in the alleged constitutional violations or that she adopted a plan or policy expressing approval or authorization of the alleged misconduct.   Therefore, the claims against Defendant Gonzales will be dismissed.

"[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are."   *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007).   Although not named in the caption, Plaintiff's complaint identifies three additional defendants, Ronnie Cordova, David Romo, and Brenda Zamora, who participated in the alleged constitutional violations. [*See* Docs. 1, 28]   Therefore, the Court will direct the Clerk to issue notice and waiver of service forms, with copies of this Order and the complaint [Docs. 1, 5, 26, 28], to Defendants Cordova, Romo, and Zamora.

Lastly, Plaintiff has informed the Court that his legal materials were confiscated and that he is unaware of the rules and regulations governing the present litigation.   [Doc. 28]   Therefore, the Court will direct the Clerk to send Plaintiff a copy of the Local Civil Rules of the United States District Court for the District of New Mexico and a copy of the Guide for Pro Se Litigants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Gonzales will be DISMISSED and Defendant Gonzales will be DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint [Docs. 1, 5, 26, 28], to Defendants Silva, Cordova, Romo and Zamora.

IT IS FURTHER ORDERED that the Clerk is directed to send Plaintiff a copy of the Local

Civil Rules of the United States District Court for the District of New Mexico and a copy of the

Guide for Pro Se Litigants.

IT IS SO ORDERED.

_____

UNITED STATES DISTRICT JUDGE