IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALBERT GARCIA,

    Plaintiff,

v.                                                                                                                                  CIV. No. 14-969 MV/GBW

LAWRENCE SILVA, RONNIE CORDOVA,
DAVID ROMO and BRENDA ZAMORA

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Notice of Address Change. *Doc. 41.* In the Notice, Plaintiff states, "I am a little concerned why Johna Gonzales was let go[.] [S]he had everything to do with the decision of leaving me in detox so I am trying to get a lawyer[.]  Please let me know what I can do about that because it was not fair what she did to me." *Doc. 41* at 1.  His request for information as to "what [he] can do about that" appears to be directed at Ms. Gonzales's being "let go" by Judge Vazquez's Memorandum Opinion and Order, which dismissed Plaintiff's claims against Ms. Gonzales. *Doc. 38*.  As such, Plaintiff's statements appear to evidence his attempts to obtain a lawyer, rather than a request for the Court to appoint one.

However, to the extent Plaintiff intends to move this Court to appoint counsel, his motion is denied.  There is no constitutional right to appointed counsel in a civil case.  However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28

U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Plaintiff's notice does not establish that any of the above criteria weigh in favor of appointing counsel.

    Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel, (*doc. 41*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE