IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALBERT GARCIA,

      Plaintiff,

v.                                         No. CV 14-969 MV/GBW

LAWRENCE SILVA, RONNIE CORDOVA,
DAVID ROMO, and BRENDA ZAMORA,

      Defendants.

**ORDER TO FILE A _MARTINEZ_ REPORT**

This matter is before the Court on review of the record. On July 1, 2015, Judge Vazquez dismissed Plaintiff's claims against Johna Gonzales, but recognized that "Plaintiff's complaint identifies three additional defendants, Ronnie Cordova, David Romo, and Brenda Zamora, who participated in the alleged constitutional violations." _Doc. 38_ at 3. Judge Vazquez also left intact Plaintiff's claims against Defendant Lawrence Silva and ordered the Clerk to issue notice and waiver of service forms to the added Defendants and Defendant Silva. _Id._ On August 31, 2015, Defendants collectively filed an Answer to Plaintiff's Complaint. _Doc. 43._

In a suit brought by a _pro se_ prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists. _Martinez v. Aaron_, 570 F.2d 317, 320 (10th Cir. 1978);

1

*see also, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment.**  *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.  Accordingly, in addition to the information requested by the Court herein, Defendants should submit whatever materials they consider relevant to Plaintiff's claims and their defenses.  Plaintiff should do the same in his response.

Wherefore, IT IS HEREBY ORDERED that Defendants file a *Martinez* Report **within 30 days of entry of this Order** in accordance with the following:

1. Defendants' *Martinez* Report must address **in a written brief** all of the allegations against each Defendant as well as any defenses raised in their answer that they wish to pursue.  Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense.  The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3.      The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4.      Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked.  Defendant must also provide affidavits to properly authenticate submitted documents.

5.      The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff.  If Defendants seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline.  The motion to seal shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

6.      Should Defendants choose to file a motion for summary judgment concurrently with their *Martinez* Report, that motion shall be filed separate and apart from the Report and must comply with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report.[1]  Defendants must provide citations supporting their assertions with specificity.  At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7.      The Court may strike any filing that fails to comply with this order.

---

[1] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion.  D.N.M. LR-Civ. 10.5.  Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

IT IS FURTHER ORDERED that Plaintiff shall file and serve his response to the facts contained within Defendants' *Martinez* Report within thirty (30) days of its filing. If Defendants file a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days.  Defendants shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.  Defendants need not file a reply to Plaintiff's Response to the *Martinez* Report.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE