IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALBERT GARCIA,

    Plaintiff,

v.                                                                                               Civ. No. 14-969 MV/GBW

LAWRENCE SILVA, RONNIE CORDOVA,
DAVID ROMO and BRENDA ZAMORA,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Defendants' Motion for Summary Judgment (*doc. 49*).  Being fully advised, I recommend that the Court grant summary judgment in favor of the Defendants.

**I.**     **BACKGROUND**

Plaintiff's Complaint and other filings assert that he was subject to the following alleged constitutional violations: (1) illegal strip searches; (2) being held in a detox room for four months and mistreated there; (3) denied phone calls to his attorney; (4) verbally sexually harassed; and (5) held in segregation in retaliation for filing this lawsuit.  *See generally docs. 1, 5, 9*.  Plaintiff seeks relief under 42 U.S.C. § 1983 against the officers in their individual capacities. *See doc. 38* at 3.

## II. UNDISPUTED FACTS

Upon order of the Court, Defendants have filed a report pursuant *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See doc. 51*. Despite being provided an opportunity to do so,[1] Plaintiff has filed no conflicting evidence to controvert the facts set out in the report. Relying on the facts in the *Martinez* report, Defendants have also filed a motion for summary judgment identifying with particularity the facts upon which they rely. *See doc. 49*. Despite being provided an opportunity to do so,[2] Plaintiff has filed no response to the motion. Consequently, he has not identified the facts proffered by Defendants which he disputes, let alone pointing to the record to support the dispute. *See* Fed. R. Civ. P. 56; *see also* D.N.M.LR-Civ. 56.1. Under these circumstances, Plaintiff has waived the right to respond or to controvert the facts asserted in the summary judgment motion. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Thus, I will "accept as true all material facts asserted and properly supported in the summary judgment motion." *Id*.

1. Plaintiff was detained at Taos County Adult Detention Center ("TCADC") from May 7, 2013 to June 27, 2013; from September 1 to 18, 2013; from November 19, 2013 until February 26, 2014; from October 2 to November 4, 2014; and from November

---

[1] Plaintiff has sought and been granted extensions of time to respond. *See docs. 53, 55*. However, those extensions have expired more than a month ago.
[2] *See supra* footnote 1.

2

11, 2014 until May 1, 2015. *Doc. 51*, Ex. A at 00048;[3] *Id.*, Ex. B at 00079; *Id.*, Ex. C at 0112; *Id.*, Ex. D at 00156; *Id.*, Ex. E at 00208; *Id.*, Ex. N at 00336).

    2.    At the time Plaintiff filed this lawsuit, he was detained at TCADC. *See doc. 1* at 7.

    3.    The "Taos County Adult Detention Center Policies and Procedures – April 2013" contain the TCADC policies and procedures in effect at all times during Plaintiff's TCADC detention periods. *Doc. 51*, Ex. F at 00247-00279; *Id.*, Ex. N at 00337.

    4.    TCADC detainees have unimpeded access to Detainee Grievance forms. Pursuant to TCADC Policy Number 6.8, "[a]ny detainees wishing to grieve will fill out the form fully and completely and deposit it in the locked box for his or her unit." *Id.*, Ex. F at 00279; *Id.*, Ex. N at 00337.

    5.    Prior to February 1, 2015, TCADC detainees were provided with a copy of the "Taos County Adult Detention Center Detainee Handbook – Revised April 18, 2012," which contains provisions on "Filing a Grievance." *Id.*, Ex. G at 00293-00294; *Id.*, Ex. N at 00337.

    6.    The "Taos County Adult Detention Center Detainee Handbook – Revised April 18, 2012" would have been in effect at all times relevant to Plaintiff's claims, except for events taking place on or after February 1, 2015, when the revised Detainee

---

[3] Citations to page numbers refer to the Bates Stamp number on the document.

Handbook went into effect. *Id.*, Ex. G at 00280-00294; *Id.*, Ex. H at 00295-00304; *Id.*, Ex. N at 00337.

7.  The "Taos County Adult Detention Center Detainee Handbook – Revised February 1, 2015" was issued to detainees at TCADC, including Plaintiff. This Detainee Handbook has been in effect at TCADC since that time and contains a section on "Detainee Grievance" procedures. *Id.*, Ex. H at 00299; *Id.*, Ex. N at 00337.

8.  TCADC detainees wishing to file a grievance use the TCADC grievance form. *Id.*, Ex. K at 00325; *Id.*, Ex. N at 00337.

9.  Plaintiff was aware of the grievance procedures and able to take advantage of them, as demonstrated by his filings of grievance in other circumstances. *Id.*, Ex. C at 00130; *Id.*, Ex. I at 00305-00308; *Id.*, Ex. P at 00348.

10. Plaintiff never submitted a grievance on the issue of being strip searched. *See generally id.*; *see also id.*, Ex. N at 00337-00338.

11. Plaintiff never submitted a grievance for allegedly being held in a booking cell for four (4) months. *Id.*

12. Plaintiff did not submit or file a grievance on the basis of his allegedly being denied attorney phone calls. *Id.*

13. Plaintiff did not submit a grievance on his claim of alleged verbal sexual harassment. *Id.*

14. Plaintiff did not submit or file a grievance on the issue of allegedly being retaliated against by Defendants. *Id.*

### III. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "show[ing] 'that there is an absence of evidence to support the nonmoving party's case.'" *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant meets this burden, the non-moving party is required to designate specific facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex*, 477 U.S. at 324.

The court's role is not to weigh the evidence or determine credibility, but rather merely to assess whether a genuine issue exists as to material facts requiring a trial. *See Anderson*, 477 U.S. at 249, 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257. Furthermore, the court must resolve reasonable inferences and doubts in favor of the non-moving party, and construe evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 551-54 (1999). However, "viewing the

5

evidence in the light most favorable to the nonmovant, it is not enough that the evidence be merely colorable or anything short of significantly probative." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (internal quotations omitted); *see also Anaya v. CBS Broad. Inc.*, 626 F. Supp. 2d 1158, 1197 (D.N.M. 2009) ("The mere existence of a scintilla of evidence will not avoid summary judgment.").

## IV. PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act (" PLRA"), "[n]o action . . . with respect to prison conditions" under 42 U.S.C. § 1983 may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must exhaust his or her administrative remedies prior to filing a lawsuit regarding prison conditions in federal court. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). "Indeed, 'unexhausted claims cannot be brought in court.'" *Id*. (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

Because a prison's procedural requirements define the steps necessary for exhaustion, an inmate or detainee may only exhaust by properly following all of the steps laid out in the prison or detention center's grievance procedure. *Id*. (citing *Jones*, 549 U.S. at 218; *Woodford v. Ngo,* 548 U.S. 81, 90 (2006)). An inmate or detainee must complete the entire review process in accordance with the rules set forth in the prison or detention center grievance process itself. *Id.* ("An inmate who begins the grievance

6

process but does not complete it is barred from pursuing a § 1983 claim . . . .") (citation omitted). Inmates are required to exhaust available administrative remedies, and lawsuits filed before the exhaustion requirement is met must be dismissed. *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001).

At the time Plaintiff filed this lawsuit on October 24, 2014, he was still detained at TCADC. Therefore, he filed this lawsuit while incarcerated at a "jail, prison, or other correctional facility" and all claims alleged by Plaintiff arose while he was detained at TCADC. Plaintiff admits that he did not seek "informal or formal relief from the appropriate administrative officials regarding the acts" complained of in this lawsuit. *Doc. 1* at 6. It is undisputed that Plaintiff failed to engage the grievance process at TCADC with regard to the issues alleged in his pleadings, namely (1) that he was "strip searched multiple times by multiple people"; (2) that he was allegedly held in a detox room for four months; (3) that he was allegedly denied attorney phone calls; (4) that he was allegedly verbally sexually harassed; and (5) that he was allegedly retaliated against for filing this lawsuit.

"Taos County Adult Detention Center Policies and Procedures – April 2013" Policy Number 6.8 provides that detainees have unimpeded access to Detainee Grievance forms. In addition, TCADC Policy Number 6.8 provides that "[a]ny detainees wishing to grieve will fill out the form fully and completely and deposit it in the locked box for his or her unit." TCADC detainees are provided with a copy of the

7

"Taos County Adult Detention Center Detainee Handbook – Revised April 18, 2012," which contains provisions on "Filing a Grievance."  The newly-revised "Taos County Adult Detention Center Detainee Handbook – Revised February 1, 2015," also has a "Detainee Grievance" section.  *See doc. 51*, Ex. H at 00299.  Detainees wishing to file a grievance use the TCADC grievance form kept at the facility.  *Id*., Ex. K at 00325.

Plaintiff did not file or submit a grievance on the issues raised in his Complaint.  He was required to exhaust all such claims before filing suit and he did not do so.  Moreover, there is no evidence that Defendants engaged in conduct that would have prevented Plaintiff from employing the grievance process.   In fact, the record shows that Plaintiff knew how to engage the grievance process and had previously been permitted to do so.  *See* i*d*., Ex. C at 00130; *Id*., Ex. I at 00305-00308; *Id*., Ex. P at 00348.  For whatever reason, Plaintiff did not pursue administrative remedies available to him on the specific issues raised in his Complaint and related submissions. *See generally doc. 51*; *see also doc. 51*, Ex. N at 00337-00338.  Accordingly, this Court has no discretion to address the claims or grant any relief sought.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

## V. CONCLUSION

Plaintiff failed to exhaust the administrative remedies available to him prior to filing suit as required by the PLRA. *See Woodford*, 548 U.S. at 93. Therefore, I recommend granting Defendant's Motion for Summary Judgment (*doc. 49*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**